Fred DOWDEN, Jr., Lloyd E. Stammer, and Jerry D. Duhn, Plaintiffs/Appellants,

v.

DICKINSON COUNTY, IOWA, BOARD OF REVIEW, Wallace Smith, Chairman, Defendant/Appellee.

Fred DOWDEN, Jr., Plaintiff/Appellant,

v.

DICKINSON COUNTY, IOWA, BOARD OF REVIEW, Wallace Smith, Chairman, Defendant/Appellee.

Fred DOWDEN, Jr., F.E. Hachmeister, and Avis V. Hachmeister, Plaintiffs/Appellants,

v.

DICKINSON COUNTY, IOWA, BOARD OF REVIEW, Wallace Smith, Chairman, Defendant/Appellee.

No. 2–69106.

Court of Appeals of Iowa.

Aug. 30, 1983.

W.E. Kunze of Bedell & Kunze, Spirit Lake, for plaintiffs/appellants.

John L. Sandy, Dickinson County Atty., and Jeffrey E. Lamson, Roger T. Stetson, and Linda L. Kniep of Belin, Harris, Helmick & Heartney, Des Moines, for defendant/appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, and HAYDEN, JJ.

DONIELSON, Judge.

Plaintiffs appeal from the trial court's judgment upholding defendant Board of Review's assessments of three separate properties. Plaintiffs claim that the court improperly considered alleged comparable sales which did not occur in the year of assessments challenged here and which were not adjusted for factors distorting market price as required by Iowa Code § 441.21. Plaintiffs also claim that the Board did not sustain its burden of proving that its assessments should be upheld. We affirm.

When a property owner appeals an assessment from the board of review, the district court hears the appeal in equity and determines anew the issues relating to such assessment that were raised before the board. Iowa Code § 441.39. "The court shall consider all of the evidence and there shall be no presumption as to the correctness of the valuation of assessment appeal-

ed from." *Id.* Our review of the district court's decision is de novo. *Ruan Center Corporation v. Board of Review of City of Des Moines,* 297 N.W.2d 538, 542 (Iowa 1980). The burden of proof in a protest of an assessment is defined in Iowa Code § 441.21(3):

The burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, inequitable or capricious; however, in protest or appeal proceedings when the complainant offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed.

Plaintiffs filed three separate appeals from the actions of the defendant, the Dickinson County Board of Review ("Board"), determining 1981 property tax assessments on three parcels of property owned by plaintiffs. One parcel of land on which an office building was located was valued at $84,320 by the Board. A second parcel containing a four-unit apartment house ("four-plex") was valued at $108,589, and the third parcel containing an eight-unit apartment building ("eight-plex") was valued at $167,480.

At the trial, plaintiffs' expert witnesses testified that the market values of the properties could not be established by the sales price approach and that the market values of the properties were less than the value determined by the Board. One witness, Blaine Hoien, who used only the income approach, testified that the value of the real estate with the office building was $42,000 while the four-plex and eight-plex were valued at $52,000 and $95,000, respectively. The plaintiffs' other expert witness, David Wortman, testified that the value of the real estate and office building was $26,000 with the four-plex and eight-plex having respective values of $37,200 and $62,700. Wortman apparently based his valuations on the income method using capitalization rates of around twenty-two percent and a cost method using a depreciation figure affected by the income approach.

The Board presented testimony of two experts, Willard Stewart and Homer Lockard, in support of its assessments of the properties. Using the income method, cost method and market method by use of comparative sales, Stewart testified that the value of the real estate with the office building was $98,000, while the four-plex was valued at $114,500 and the eight-plex at $192,000. Lockard used the income method except for the office building, the cost method and the market method, and testified that the value of the real estate and office building was $102,000, the value of the four-plex was $117,500 and that of the eight-plex was $175,000. Plaintiffs objected to the use of evidence of comparative sales, alleging that there was insufficient foundation and the Board's witnesses failed to make necessary adjustments for various abnormalities which affected the sales prices used including the fact that some of the transactions involved contract sales, that one of the transactions involved the sale between an employer and employee, and that another involved the sale of an adjoining parcel to a buyer. Lockard testified that he made a mental adjustment without disclosing any specific dollar amount or percentage for the claimed adjustments. Some of the sales utilized occurred prior to the 1981 assessment year and plaintiffs objected to the admission of evidence of such sale prices.

On August 10, 1982, the district court entered its findings, conclusions and decree, fixing the valuations of plaintiffs' properties as determined by the Board. The court determined that the Board's expert witnesses made proper adjustment "to eliminate the effect of any factor involved in the sale which distorted the sale price" and that the "valuations fixed by the board also reflect such proper adjustments." The court also determined that comparative sales were not required to occur in the 1981 assessment year and overruled the plaintiffs' objections on that ground. The court determined that the defendant sustained its burden to up-

hold its valuations of the properties involved in this case. Plaintiffs brought this appeal.

## I.

■ In arriving at a valuation figure, the assessor is to determine the market value of the property which is defined as:

> ... the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property.

Iowa Code § 441.21(1)(b). Market value is to be determined by the sales price of the property to be assessed or of comparable property in regular transactions, adjusted for factors which distort such value "including but not limited to sales to immediate family of the seller, foreclosure or other forced sales, contract sales, discounted purchase transactions or purchase of adjoining land or other land to be operated as a unit." *Id.* When this "sales price" method of valuation cannot be used, then the assessor is to consider other factors such as the property's productive and earning capacity, its cost, physical and functional depreciation and obsolescence and replacement cost. *Equitable Life Insurance Company v. Board of Review of City of Des Moines,* 281 N.W.2d 821, 823 (Iowa 1979) (citation omitted). The assessment, however, is not to be based on only one of those other factors. *Id.*

## II.

At this point it would be helpful to summarize the appraisals made of plaintiffs' three properties by the witnesses and the various methods used. Hoien and Wortman were plaintiffs' witnesses while Stewart and Lockard testified on behalf of the Board. Three primary valuation methods were used—the income method (based on the property's earning capacity), the replacement cost-less-depreciation method, and the sales price method. With regard to the office building, which was assessed at $84,320, the witnesses gave their appraisals as follows:

| Witness | Income Method | Cost Method | Sales Price Method | Final Appraised Value |
|---|---|---|---|---|
| Hoien | 42,000 | 52,800 | – | 42,000 |
| Wortman | 25,937 | 24,600 | – | 26,000 |
| Stewart | 85,000 | 107,090 | 100,000 | 98,000 |
| Lockard | – | 102,090 | 108,470 | 102,000 |

The four-plex was assessed at $108,589 and was appraised as follows:

| Witness | Income Method | Cost Method | Sales Price Method | Final Appraised Value |
|---|---|---|---|---|
| Hoien | 52,000 | 112,115 | – | 52,000 |
| Wortman | 37,200 | 36,200 | – | 37,200 |
| Stewart | 102,000 | 142,000 | 112,500 | 114,500 |
| Lockard | 96,640 | 117,550 | 128,000 | 117,500 |

Finally, the eight-plex, which was assessed at $167,480, was appraised as follows:

| Witness | Income Method | Cost Method | Sales Price Method | Final Appraised Value |
|---|---|---|---|---|
| Hoien | 95,000 | 127,000 | – | 95,000 |
| Wortman | 62,700 | 37,200 | – | 62,700 |
| Stewart | 125,179 or 178,840 | 232,000 | 200,000 | 192,000 |
| Lockard | 184,100 | 168,960 | 220,000 | 175,000 |

As is apparent from these tables, plaintiffs' valuation witnesses found no comparable sales by which to arrive at a sales price value, whereas the Board's witnesses were able to do so.

■ After reviewing the entire record, we agree with the trial court that the Board's assessments of plaintiffs' three properties should be upheld. First of all, we are not convinced that plaintiffs sustained their initial burden of proof under Iowa Code § 441.21(3); i.e., we do not believe they offered *competent* evidence by two disinterested witnesses such that the burden of upholding the assessments shifted to the Board. It is clear from the valuation figures recited above that Hoien and Wortman, although also referring to the cost-less-depreciation method, relied *solely* on the income method in reaching their final valuations on all three properties. As indicated in *Equitable Life,* 281 N.W.2d at 826, however, actual value is not to be determined on the basis of one factor or one valuation method alone.

■ Even if plaintiffs' valuation testimony shifted the burden of proof to the Board under § 441.21(3), we believe the Board sustained its burden of upholding its assessments. With regard to the income method of valuation, we believe the capitalization rate used by Stewart (14%) was more realistic than that used by Wortman (22.4%); Stewart's valuations by the income method were therefore more credible than those found by Wortman. *See Equitable Life,* 281 N.W.2d at 826. In addition, the Board's witnesses' appraisals by the cost-less-depreciation method were shown to correspond in significant measure to their income method valuations and were weighed in to arrive at their final valuations. As already shown, the plaintiffs' witnesses gave no weight to their own cost figures in reaching their final valuations. We believe the Board's valuation testimony based on the income and cost methods is more credible than that of plaintiffs' witnesses which was based on income alone. We therefore hold that the Board sustained its burden of upholding its assessments and of proving that they were not excessive. *Equitable Life,* 281 N.W.2d at 827.

### III.

■ In reaching this conclusion, we have not considered the Board's valuations by the sales price method. We have already noted that Iowa Code § 441.21(1)(b) requires that any comparable sales used to support an assessment must be adjusted to account for factors which distort market value. The Board's witnesses testified that, in considering various allegedly comparable sales, they made "mental adjustments" for certain abnormal factors such as the fact that one such sale involved an employer-employee relationship. They were, however, unable to translate those differences into specific dollar amounts such that neither we nor the trial court could make the necessary adjustments without further evidence. Under these circumstances, we do not consider the Board's valuations by comparable sales. *Bartlett & Company Grain v. Board of Review of City of Sioux City,* 253 N.W.2d 86, 94 (Iowa 1977). We also reject, however, plaintiffs' claim that comparable sales may not be considered unless they occur in the

year of the assessment being protested. Nothing in Iowa Code § 441.21 indicates such a requirement and, in fact, it is clear from case law that comparable sales occurring in years other than the year of assessment may be considered. *See,* e.g., *Equitable Life,* 281 N.W.2d at 826.

The Board sustained its burden of proving its assessments of plaintiffs' three properties were not excessive and should be upheld. The trial court's ruling upholding the Board's assessments is therefore affirmed.

AFFIRMED.