Krishna A. BIRUSINGH and Patricia Birusingh, Plaintiffs–Appellees,

v.

Robert W. KNOX, Chairman, Board of Review of Pottawattamie County, Iowa, Defendant–Appellant.

No. 86–1362.

Court of Appeals of Iowa.

Nov. 30, 1987.

Frank W. Pechacek, Jr. and Randy R. Ewing of Smith, Peterson, Beckman & Willson, Council Bluffs, for defendant-appellant.

Raymond E. Pogge of Pogge, Root & Fleming, Council Bluffs, for plaintiffs-appellees.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

The defendant appeals from a decision by the district court which found that the plaintiffs' property had been assessed for more than the value authorized by law. The defendant's arguments are: (1) plaintiffs had the burden to prove that the valuation of their property was excessive, and the plaintiffs failed to shift this burden to the defendant; and (2) even if the plaintiffs shifted the burden to the defendant, the defendant met its burden of going forward with sufficient evidence to rebut the plaintiffs' evidence. We affirm.

The plaintiffs, Krishna and Patricia Birusingh, filed a protest with the defendant Pottawattamie County Board of Review claiming that the property tax assessment of their property was in excess of the value authorized by law. The plaintiffs paid $86,000.00 to construct the home in 1975, but this figure does not include the plaintiffs' time and materials to finish the home. There are 5,444 square feet of finished living space in the home. The home has many luxury features such as fireplaces, cathedral ceilings, a sunken tub, balconies, and two patios. However, the plaintiffs testified the home was poorly constructed with poor materials. The home was assessed at approximately $200,000.00 for each of the years 1983, 1984, and 1985.

The trial court found the value of the property was $125,000.00 for each year, which includes a stipulated value of $30,000.00 placed on the land and other buildings, leaving a $95,000.00 value on the home. Defendant appeals from the valuation placed on the property by the district court.[1] The three assessments were consolidated into one appeal.

Our scope of review is de novo. The court must review all of the evidence and determine all of the issues anew. *Dowden v. Dickinson County Board of Review,* 338 N.W.2d 719, 720–21 (Iowa App.1983).

■ I. When a taxpayer produces competent evidence by two disinterested witnesses that the assessed market value of the property is too high because it is inequitable, burden of proof on the valuation shifts to the County Board of Review. *Riso v. Pottawattamie Board of Review,* 362 N.W.2d 513, 517 (Iowa 1985); *Dowden,* 338 N.W.2d at 723 (Iowa App.1983); Iowa Code section 441.21(3) (1985). There is no presumption that the assessor's valuation is correct. *Ruan Center Corp. v. Board of Review,* 297 N.W.2d 538, 542 (Iowa 1980). The defendant contends that the plaintiffs failed to shift the burden of proof to them because the plaintiffs' evidence was not competent. The defendant pointed out many errors in the valuation made by the plaintiffs' experts. The plaintiffs reply that they had at least two competent, disinterested witnesses who testified the market value of the home was less than the assessed value.

Iowa Code section 441.21(1)(b) (1985) defines market value as follows:

"Market value" is defined as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property. Sale prices of the property or com-

---

1. Plaintiffs appealed their 1981 property assessment to the Pottawattamie County District Court, which entered a decree finding that the fair and reasonable value of the property of the plaintiffs, consisting of the main residence, va-
cant land, and other buildings, was in the sum of $125,000.00. The decision was affirmed by the court of appeals. Further review by the supreme court was denied. *Birusingh v. Knox, Bd. of Review,* 364 N.W.2d 273 (Iowa App.1984).

parable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing the property, shall be taken into consideration in arriving at its market value.

■ A review of the record discloses there were two disinterested witnesses, Mr. Robert Smith and Mr. Jerry Duggan, who testified on behalf of plaintiffs. We find their testimony to be competent.

Smith, a realtor for thirty-five years, has numerous qualifications as an appraiser. Using the cost approach method, he valued the home at $86,429.77 for each of the years 1983, 1984, and 1985. Using the sales approach method, he valued the home at $86,400.00, although he felt there were really no true comparables available. In addition, he took into account the property surrounding plaintiffs' property, the gravel road leading to the property, the type of soil, the terrain, and the type of residences nearby in arriving at his valuation of the property.

Duggan is a real estate broker and a developer of residential property. He has built approximately 480 homes around the Council Bluffs area. Using the cost approach, he valued the property at $100,000.00, which included a land valuation of $10,800.00, resulting in a valuation of the home alone of $89,200.00. Using the market approach, he valued plaintiffs' property between $100,593.00 and $126,500.00, of which he attributed $10,800.00 to land, resulting in a valuation of the home between $89,793.00 and $115,700.00. Duggan is not a licensed M.A.I. appraiser, but his opinion was based on his history, knowledge, and experience in the real estate and construction business for thirty years. Duggan also inspected plaintiffs' property and observed the construction and type of materials used.

The qualifications of both Smith and Duggan support their testimony; their opinions are justified by their reasoning and statistics. We find they were two disinterested witnesses who gave competent evidence that the fair and reasonable market value of plaintiffs' property is less than the value fixed by the assessor for the years 1983, 1984, and 1985; therefore, we find the burden of proving the assessor's valuations were correctly shifted to the defendant.

■ II. Defendant states that even if the burden of proof did shift to the defendant, it met its burden of going forward with sufficient evidence to rebut the plaintiffs' evidence and support the valuation made by the assessor.

The plaintiffs' witnesses considered the construction and materials poor to average; defendant's witnesses considered the construction and materials good to excellent, consequently resulting in a higher valuation.

As previously stated, there is no presumption that the assessor's valuation is correct. The trial court is in a much better position to weigh the credibility of witnesses than the appellate court; the appellate court will give weight to the trial court's decision on credibility, even in a de novo review. *Payton Apartments v. Board of Review*, 358 N.W.2d 325, 327 (Iowa App. 1984).

After de novo review of all the evidence, we find that the defendant did not meet its burden to rebut plaintiffs' evidence and support the valuations made by the assessor. We find plaintiffs' evidence when viewed in its entirety is more credible than defendant's evidence. We note defendant's witnesses, who included M.A.I. appraisers from Omaha and a loan officer from a financial institution and realtor from Council Bluffs, did not have the sales or construction experience of plaintiffs' expert witnesses. Their appraisals, ranging from $141,000.00 to $202,000.00, were based on computations from appraisal books and attempted to take into consideration various factors. Plaintiffs contend the defendant's experts did not properly consider the market value of the home as what a willing buyer would pay for the home. We agree with the trial court that the assessed valuation arrived at by the assessor is unrealistic, unreasonable, and would not be what a willing buyer and a willing seller, each knowing all the circumstances, would agree

as to a price for the exchange of the property from one to the other, pursuant to Iowa Code section 441.21. Because the residence has a number of discrepancies, we find its fair and reasonable market value is not approximately $200,000.00. The home is in a poor location and has poor access; the quality of the materials was poor to average; the construction was poor; there was lack of landscaping; erosion was prevalent; there was faulty heating and air conditioning. Plaintiffs' rebuttal witness was present when the home was built and observed the poor materials and faulty workmanship which would affect the marketability of the home. It is apparent to us the assessor is of questionable good faith in the continued litigation with the plaintiffs in repeated proceedings that are of such dubious merit.

We believe the trial court was correct in fairly assessing the value of the total property at $125,000.00, which was the same assessment as in 1981, no improvements having been made and if anything, the value of the home deteriorating. The property in question is of a lower quality than what was ascertained by the assessor; we do not find that the Board met its burden to uphold the valuation it assessed as reasonable and proper. *Valley Forge Apartments v. Board of Review*, 239 N.W.2d 148, 150 (Iowa 1976). The trial court's decision is affirmed.

AFFIRMED.