**IN THE COURT OF APPEALS OF IOWA**

No. 18-1034
Filed June 5, 2019

**THOMAS KELLEN and JEROME KELLEN,**
     Plaintiffs-Appellants,

**vs.**

**WAYNE POTTEBAUM and JEFF POTTEBAUM,**
     Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Sioux County, Jeffrey A. Neary,

Judge.

        Thomas and Jerome Kellen appeal the district court ruling denying their

action for relief.  **AFFIRMED.**

        Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for

appellants.

        Jeff W. Wright and Jacob V. Kline of Heidman Law Firm, P.L.L.C., Sioux

City, for appellees.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

The present action concerns a dispute over surface water involving adjacent property owners. Thomas and Jerome Kellen filed a petition in equity alleging that a relief pipe installed on the property of Wayne and Jeff Pottebaum in December 2014 led to an unnatural flow of water onto their property, which damaged their farmland. They sought monetary damages and an order requiring removal of the relief pipe. The Pottebaums filed a counterclaim, alleging the Kellens' acts or inaction with regard to the flow of the surface water caused damage to the Pottebaums. After trial, the district court determined neither party had established their claims and dismissed each with prejudice. The Kellens appeal.

**I. Sufficiency of the Evidence**

The Kellens contend they proved their claims against the Pottebaums by a preponderance of the evidence. The matter was tried in equity although the district court ruled on some objections and took offers of proof on others. We employ a de novo review. *See* Iowa R. App. P. 6.907.

> But, a de novo review "does not mean [the appellate courts] decide the case in a vacuum, or approach it as though the trial court had never been involved." *Davis–Eisenhart Mktg. Co. v. Baysden,* 539 N.W.2d 140, 142 (Iowa 1995). Rather, even in a de novo appellate review, "great weight" is accorded the findings of the trial court where the testimony is conflicting. *See id.* (citation omitted). This is because the trial court is in a far better position to weigh the credibility of witnesses than the appellate court. *See id.; Birusingh v. Knox,* 418 N.W.2d 80, 82 (Iowa Ct. App.1987). Unlike this court, the trial court has a front row seat to observe the "witness's facial expressions, vocal intonation, eye movement, gestures, posture, body language, and courtroom conduct, both on and off the stand," as well as the witness's "nonverbal leakage" demonstrating "[h]idden attitudes, feelings, and opinions" that are not reflected in the cold transcript this court reviews. Thomas Sannito & Peter J. McGovern, *Courtroom Psychology for Trial Lawyers* 1 (1985). Consequently, the trial judge is in the best position to assess witnesses' interest in

the trial, their motive, candor, bias, and prejudice. *See State v. Teager,* 222 Iowa 391, 269 N.W. 348, 351 (1936).

*Albert v. Conger*, 886 N.W.2d 877, 880 (Iowa Ct. App. 2016).

The legal principles at play are well settled:

> [T]he owner of the dominant estate has a legal or natural easement in the servient estate for the drainage of surface waters. The natural flow of water cannot be interrupted by the servient owner so as to cause injury to the state of the dominant owner. Though the landowner may divert water by surface drainage onto the servient estate even though an additional amount of water may therefore enter the servient estate, it has been duly recognized that the dominant owner may not discharge such water so as to do substantial damage to the servient estate.

*Maisel v. Gelhaus*, 416 N.W.2d 81, 85 (Iowa Ct. App. 1987) (internal citations omitted). It is undisputed that the Pottebaums own the dominant estate and the Kellens own the servient estate. Therefore, the Kellens are entitled to relief if they proved the installation of the relief pipe substantially increased the volume of water flowing onto their land or substantially changed the manner or method of drainage and actual damage resulted. *See Rosendahl Levy v. Iowa State Highway Comm'n*, 171 N.W.2d 530, 536 (Iowa 1969).

Turning first to the question of whether the relief pipe's installation increased the surface water flowing onto the Kellens' property, we note the evidence largely consists of the witnesses' observations of the amount of water in the Kellens' drainage waterway at various times before and after the December 2014 installation of the relief pipe. Thomas Kellen testified that before the installation, the drainage waterway was dry except for "a few times a year" after snow melts or heavy rain when water would run through it for "a few hours." However, from April 2015 until the Pottebaums installed a stop valve on the relief pipe in April 2017,

Kellen claimed there was stagnant water moving very slowly in the waterway, which was "almost always wet" with "flowing water, almost constant." Jeff Pottebaum disagreed, testifying that the waterway was regularly "wet" before the relief pipe's installation, with water sitting for a week after each rainfall. Chuck Schmillen of Schmillen Construction, who has performed work for both parties over the past twenty years and installed the relief pipe for the Pottebaums, testified that the Kellens' waterway has "always been wet." Although the witnesses generally agreed that the amount of water in the waterway varied depending on precipitation, little evidence was introduced concerning the amount of precipitation that fell during the relevant periods. Jerome Kellen testified that the spring of 2014 was "very dry" with little rainfall. Steve Rupp, an employee of Schmillen Construction, testified that "it started raining more than normal about in August of 2015 . . . and it rained pretty much all the way to . . . about the Fourth of July of '16."

We agree the Kellens failed to prove by a preponderance of the evidence that the installation of the relief pipe substantially increased the volume of water flowing onto their land. The Kellens did not present "definite evidence of the amount of additional water" that flowed onto their land a result of the relief pipe's installation. *Cundiff v. Kopseiker*, 61 N.W.2d 443, 446 (Iowa 1953). A reasonable factfinder could just as easily conclude the increase in water flow was attributable to increased precipitation in 2015 and 2016. *See id.* ("There was evidence of increased water on plaintiffs' land after a heavy rain or from melting snow but there was insufficient evidence of increased water flow by reason of the claimed drainage of the area in controversy."). Given the conflicting evidence presented, we defer to the trial court's findings. *See Albert*, 886 N.W.2d at 880.

Likewise, we are unable to find the Kellens met their burden of proving that the installation of the relief pipe substantially changed the manner or method of drainage. The installation of a relief pipe did not cause the water to be "carried to a different place or in a substantially different manner." *Jacobson v. Camden*, 20 N.W.2d 407, 411 (Iowa 1945). Rather, the Pottebaums altered the flow of the surface water across their own property to flow in its natural direction onto the Kellens' drainage waterway, which is permissible. *See Stouder v. Dashner*, 49 N.W.2d 859, 864 (Iowa 1951) ("And by the weight of authority a dominant proprietor may cause surface water to flow in its natural direction through a ditch on his own land, instead of over the surface or by percolation as formerly, where no new watershed is tapped, and where no addition to the former volume is caused thereby, except the mere carrying in a ditch of what formerly reached the same point on the servient tract over a wider surface by percolation through the soil or by flowing over such wider surface."). Accordingly, the Kellens' claims fail.

**II. Evidentiary Rulings.**

The Kellens also challenge the exclusion of several exhibits and testimony based on discovery violations. The district court allowed the Kellens to make an offer of proof concerning this evidence, but it ultimately sustained the Pottebaums' objections based on the Kellens' failure to disclose the evidence[1] and did not consider the evidence in reaching its decision.

---

[1] We note that the Kellens were initially represented by different counsel, who responded to the Pottebaums' discovery requests but failed to supplement the answers as required under Iowa Rule of Civil Procedure 1.503(4). The district court noted that "it is clear" the attorney currently representing the Kellens "would have handled discovery and trial preparation differently." However the Kellens are responsible for the actions of their former counsel. *See Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 241 (Iowa 1988).

We review evidentiary rulings and discovery sanctions for an abuse discretion. *City of Des Moines v. Ogden*, 909 N.W.2d 417, 422-23 (Iowa 2018). We will find an abuse of discretion has occurred if the district court exercised its discretion on grounds that are untenable or to an extent that is unreasonable. *See id.* at 423.

The Kellens challenge the court's refusal to admit the evidence, arguing they complied with discovery requirements. They claim the court found that they made the required disclosures when it denied the Pottebaums' pretrial motion to exclude evidence filed shortly before the originally scheduled trial date. However, that motion concerned the Kellens' failure to respond to discovery requests. In denying that motion before the rescheduled trial, the court noted the Kellens made the disclosures shortly after the Pottebaums' filed their motion. The court's pretrial ruling does not apply to the evidence the court refused to consider in making its decision—evidence not disclosed to the Pottebaums before trial.

The Kellens also argue the court abused its discretion in excluding the evidence because the Pottebaums never moved to compel discovery. Although a party is required to file a motion to compel before the court may impose certain sanctions like striking a pleading, *see* Iowa R. Civ. P. 1.517(2)(b) (listing sanctions the court may enter against a party for failing to obey an order compelling discovery), our rules are automatic concerning the use of evidence that a party failed to provide during discovery, *see* Iowa R. Civ. P. 1.517(3)(a) ("If a party fails to provide information or identify a witness as required by rule 1.500, 1.503(4), or 1.508(3), the party is not allowed to use that information or witness to supply

evidence . . . at a trial, unless the failure was substantially justified or is harmless.").

Finally, the Kellens argue they were not required to disclose several exhibits they sought to use at trial for impeachment purposes, citing to Iowa Rule of Civil Procedure 1.500(1)(a)(2). That rule requires a party to disclose to the other parties, without awaiting a discovery request, "All documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, *unless the use would be solely for impeachment.*" Iowa R. Civ. P. 1.500(1)(a)(2) (emphasis added). Because the Kellens were required to disclose the evidence at issue in response to the Pottebaums' discovery requests, rule 1.500 does not apply. *See also* Iowa R. Civ. P. 1.512(1) (allowing a party to request production of designated documents).

For the foregoing reasons, the district court did not abuse its discretion in excluding the evidence at issue. Having determined the Kellens failed to prove their claims by a preponderance of the evidence, we affirm the district court order dismissing their claims with prejudice. Accordingly, we need not consider their argument concerning punitive damages.

**AFFIRMED.**